1  JANNIK P. CATALANO (SBN 224786)
   **CATALANO LAW GROUP**
2  1686 Bryant Street
   San Francisco, CA 94103
3  Tel: (415) 436-9236
   Fax: (877) 689-0676
4

5  *Attorneys for Plaintiffs*
   THOMAS BANUET and GAYNELL BANUET
6

7

8  **IN THE UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS BANUET and GAYNELL BANUET, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | 1. **MEDICAL NEGLIGENCE;** |
| | 2. **ORDINARY NEGLIGENCE** |
| UNITED STATES OF AMERICA, DEPARTMENT OF VETERANS AFFAIRS NORTHERN CALIFORNIA HEALTH CARE SYSTEM, and DOES 1 through 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiffs THOMAS BANUET and GAYNELL BANUET (collectively "Plaintiffs") complain of Defendants, and each of them, and allege as follows:

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2671, because the defendants are the United States of America and/or employees of the United States of America.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), because the events leading to the wrongful acts complained of herein and the resulting claims against Defendants herein arose in the City and County of San Francisco, State of California.

3. Plaintiffs have fully performed all the necessary steps required before this action

can be filed. In accordance with 28 U.S.C. §2401(b) and §2675(a), Plaintiffs timely served on or about October 6, 2015, a Claim for Damage, Injury, or Death upon the Department of Veterans Affairs, San Francisco Regional Office. Plaintiffs received correspondence from the Department of Veterans Affairs on or about December 22, 2015, formally acknowledging that it received the Claim on October 7, 2015. By matter of law, the Claim is deemed denied if a federal agency fails to make a final disposition of the Claim within six months after it is filed. 28 U.S.C. §2675(a). Regardless, the Department of Veterans Affairs, San Francisco Regional Office, denied Plaintiffs' Claim in writing on May 29, 2016, and this action is being brought pursuant to the FTCA, 28 U.S.C. §§1346(b), 2401(b), and 2671-2680

## PARTIES

4.     Plaintiffs Thomas Banuet and Gaynell Banuet are now, and were at all times mentioned herein, citizens of the State of California.

5.     Defendant United States Department of Veterans Affairs Northern California Health Care System (hereinafter "United States") is a named Defendant pursuant to 38 U.S.C. §7316, because the negligence herein alleged arose from medical treatment that Plaintiff Thomas Banuet received from the physicians and staff of the Department of Veterans Affairs Northern California Health Care System, San Francisco VA Medical Center (hereinafter "San Francisco VAMC"), whose names are unknown to Plaintiffs, and who are sued herein as DOES 1 through 100.

6.     Defendants DOES 1 through 100, inclusive, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate, governmental or otherwise, are unknown to Plaintiffs. Plaintiffs will ask leave of this Court to amend this complaint to assert the true names and capacities of said defendants when same are ascertained. Plaintiffs are informed and believe and hereon allege that each of the defendants designated herein as DOES 1 through 100 or named are negligently, carelessly, recklessly, strictly or otherwise responsible in some manner for the events and happenings herein referred to and caused damages directly and proximately thereby to plaintiffs.

7.     Defendants DOES 1 through 100 are sued as agents, servants, and/or employees

1  of Defendant United States and/or agents, servants, and/or employees of each other. All of the
2  acts performed by DOES 1 through 100 as agents, servants, and/or employees were performed
3  within the course and scope of their agency, servitude, and/or employment, and with the consent
4  of each of the Defendants.

5       8.     At all times material to this Complaint, the physicians, nurses, and staff of the San
6  Francisco VAMC, sued herein as DOES 1 through 100, provided medical care to Plaintiff
7  Thomas Banuet, and owed duties to Gaynell Banuet. Said defendants acted under color of the
8  statutes, customs, ordinances, policies and usage of Defendant United States.

## FIRST CAUSE OF ACTION

### (Medical Negligence)

11       9.     Plaintiffs incorporate by reference each and every paragraph in this Complaint as
12  though fully set forth herein.

13       10.     At all times mentioned herein, Defendant physicians, nurses, and staff of the San
14  Francisco VAMC, listed herein as DOES 1 through 100, and each of them, were practicing
15  physicians and/or medical doctors, and/or medical specialists, and/or nurses, and/or technicians,
16  without being limited thereto, in the City and County of San Francisco, State of California. Each
17  of said defendants at all relevant times was duly licensed to practice medicine and/or to provide
18  medical care and hospital treatment under the laws of the State of California. Each of said
19  defendants at all times mentioned herein held themselves out to the general public and to
20  Thomas and Gaynell Banuet, as possessing the degree of skill, training, knowledge, ability and
21  learning as medical practitioners and/or medical specialists in their respective communities, as
22  well as skilled, careful and diligent in the practice and profession of medicine and/or medical
23  specialties. Defendants owed Thomas and Gaynell Banuet a duty to use the level of skill,
24  knowledge, and care in his diagnosis and treatment that other reasonably careful medical
25  practitioners would use in the same or similar circumstances. Thomas Banuet is a 65-year-old
26  veteran, and Gaynell is his wife.

27       11.     On September 5, 2014, Thomas Banuet was admitted to the San Francisco VAMC
28  for a Magnetic Resonance Imagining (MRI) scan.

1    12.    Thomas Banuet asked that his wife, Gaynell Banuet, be present during the
2  examination due to his claustrophobia.
3    13.    During the scan, the MRI technician instructed Gaynell to bring in a stool from
4  the next room. Gaynell then brought a metal stool into the room where the MRI was to be
5  performed so that could sit down near Thomas Banuet during the procedure.
6    14.    When Gaynell brought the stool into the room, it was suddenly and violently
7  attracted with high force into the magnet's bore, causing facial and head trauma to Thomas
8  Banuet. Gaynell could do nothing but watch the horrific scene in absolute shock.
9    15.    Thomas Banuet was under the custody and care of the United States and DOES 1
10  through 100.
11    16.    During Thomas Banuet's stay at the San Francisco VAMC, Defendants failed to
12  exercise the standard of care and skill ordinarily and reasonably required of physicians, nurses,
13  surgeons, and other health practitioners, through various acts or omissions, including, but not
14  limited to, the following:
15    a) Mistakenly allowing a non-MRI safe metal stool to be near the facilities where
16       Magnetic Resonance Imaging was being performed;
17    b) Failing to ensure that there was a stool safe to be in the room where the MRI
18       was performed on Mr. Banuet;
19    c) Failing to make sure that the non-MRI safe metal stool was unsafe to be
20       brought in prior to conducting the MRI; and
21    d) Failing to train the MRI technicians, such as Anait Sesi, on basic safety for
22       conducting an MRI.
23    17.    Defendants' conduct directly led to Thomas Banuet suffering a subdermal
24  hematoma, an occipital bone fracture, pain and suffering and other injuries. Both Gaynell and
25  Thomas have suffered severe emotional distress. Therefore, the United States is liable for all
26  damages caused by such acts as provided by 28 U.S.C. § 2674 of the Federal Tort Claims Act
27  and other applicable laws.
28  / / / /

**SECOND CAUSE OF ACTION**

**(Ordinary Negligence)**

18. Plaintiffs incorporate by reference each and every paragraph in this Complaint as though fully set forth herein.

19. Defendant United States owed a non-delegable duty to Thomas and Gaynell Banuet to hire, train, and supervise the employees in its Veterans Administration hospitals so that such employees would deliver care and services to American veterans like Thomas Banuet in a safe and beneficial manner in order to provide a safe environment for people who visted the premises such as Thomas and Gaynell Banuet.

20. The United States owed Thomas and Gaynell Banuet a duty to exercise ordinary care and to render care and services to America's veterans as a reasonably prudent and similarly situated person would render. The United States violated its duty of care to Thomas and Gaynell Banuet through various acts or omissions, including, but not limited to, the following:

    a) Failing to properly train and supervise its employees to regarding MRI procedures and safety;

    b) Mistakenly allowing a non-MRI safe metal stool to be near the facilities where Magnetic Resonance Imaging was being performed;

    c) Failing to ensure that there was a stool safe to be in the room where the MRI was performed on Mr. Banuet;

    d) Failing to make sure that the non-MRI safe metal stool was safe; and

    e) Failing to train the MRI technicians, such as Anait Sesi, on basic safety for conducting an MRI

    f) Failing to establish policies, procedures, and medical staffing levels at its San Francisco VAMC hospital who have appropriate knowledge and skill regarding MRI safety and procedures;

    g) Failing to establish policies, procedures, and medical staffing levels at its San Francisco VAMC hospital to appropriately conduct medical imaging and other diagnostic monitoring of Mr. Banuet; and

    h) Various other nonmedical acts and omissions, as set forth in the testimony and depositions to be taken in this action.

21. A reasonably prudent person would have provided the ordinary care to America's veterans, such as Thomas Banuet, and also to his wife Gaynell Banuet, listed above. Each of the wrongful acts on the part of the United States were a proximate cause of the injuries to Thomas Banuet, as well as the damages to wife, Gaynell Banuet. Therefore, the United States is liable for all damages caused by such acts as provided by 28 U.S.C. § 2674 of the Federal Tort Claims Act and other applicable laws.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1. For general damages and special damages of $3,000,000.00;
2. For all other expenses according to proof;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

Dated: July 26, 2016

CATALANO LAW GROUP

By: _____
JANNIK P. CATALANO
Attorneys for Plaintiffs
THOMAS BANUET and
GAYNELL BANUET